IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK COLLINS, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-3148 |
| | : | |
| JOHN DOES 1-30 | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                       **March 21, 2013**

      Plaintiff Patrick Collins, Inc. brings this copyright infringement action against 30 "John Doe" Defendants who allegedly used BitTorrent, a peer-to-peer file sharing protocol, to download a pornographic film, referred to herein simply as "the Work," for which Patrick Collins owns the copyright. Because Defendants are known to Patrick Collins only by their internet protocol (IP) addresses, upon filing the Complaint, Patrick Collins sought leave of court to serve third-party subpoenas on Defendants' internet service providers (ISPs), seeking disclosure of each Defendant's name, address, telephone number, email address, and Media Access Control address. By Order of June 14, 2012, this Court permitted Patrick Collins to serve the requested subpoenas, but required the ISPs to notify each affected subscriber of his or her right to challenge the subpoena before this Court.

      Following service of the subpoenas, four Defendants—John Does 6, 13, 19, and 22—filed motions to quash the subpoenas, for a protective order, and/or to sever and/or dismiss the claims against them. Patrick Collins has since voluntarily dismissed its claims against two of these Moving Defendants (John Does 19 and 22), *see* ECF 18, rendering the motions filed by

these Defendants moot.[1]  As to the motions filed by John Does 6 and 13, for the reasons set forth below, this Court will grant the motions insofar as the Court will exercise its discretion to sever and dismiss without prejudice all Defendants except John Doe 1.  The Court will also quash all subpoenas seeking discovery regarding Defendants other than John Doe 1 without prejudice to Patrick Collins's right to renew such subpoenas in the event it elects to file individual actions against the severed Defendants.

**FACTS**

According to the Complaint, BitTorrent is a popular peer-to-peer file sharing protocol that facilitates distribution of large files by permitting users who wish to download a file "to join a 'swarm' of host computers to download and upload [pieces of the file] from each other simultaneously."  Compl. ¶ 15.  Downloading via BitTorrent thus does not create the same heavy load on the source computer and network that exists when an entire file is downloaded from a single source computer.

The downloading process is initiated by an "initial seeder" who uses a BitTorrent software program (or "client") to create a "torrent" descriptor file, prompting the client to divide the targeted file into pieces, assign each piece a unique alphanumeric identifier (or "hash"), and record the hash identifiers in the torrent file.  Once the initial seeder has created a "torrent" and uploaded it to a torrent website, other users (or "peers") may download the file via the torrent website using the BitTorrent protocol, which causes the initial seeder's computer to send different pieces of the file to the peers seeking to download it, and causes the peers to transmit the pieces they receive to other peers.  Once a peer has downloaded the complete file, the client

---

[1] Patrick Collins has also voluntarily dismissed its claims against seven additional Defendants (John Does 24, 25, 26, 27, 28, 29, and 30).  *See* ECF Nos. 17, 18.  With the exception of John Doe 27, these Defendants have been dismissed without prejudice.

2

reassembles the pieces so the file may be viewed. A peer who has downloaded the complete file also becomes an "additional seed," who continues to distribute the file. Patrick Collins alleges the John Doe Defendants were part of the same "swarm" of users that uploaded and downloaded pieces of the Work on various dates between April 5, 2012, and May 10, 2012, thereby directly and contributorily infringing its copyright. *See id.* ¶¶ 39-40 & Ex. A.

**DISCUSSION**

Federal Rule of Civil Procedure 20 permits the joinder of multiple defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Joinder under Rule 20(a) is permissive; even when the requirements of the Rule are met, "a district court nevertheless maintains the discretion to sever defendants if it finds that the objectives of the rule in promoting trial convenience are not fostered, or that joinder would result in prejudice, expense or delay." *Malibu Media, LLC v. Does 1-16*, No. 12-2078, 2012 WL 4717893, at *8 (E.D. Pa. Oct. 3, 2012); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice and Procedure* § 1652 (3d ed. 2001) (noting the purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes" and characterizing the Rule as "permissive in character" such that "joinder in situations falling within the rule's standard is not required unless it is within the scope of compulsory joinder prescribed by Rule 19" (footnotes omitted)).

District courts across the country—and in this District—are divided as to whether joinder of multiple John Doe defendants alleged to have downloaded the same copyrighted work via BitTorrent is proper. *See, e.g.*, *Patrick Collins, Inc. v. Doe 1*, No. 12-1154, 2012 WL 5879120, at *7 (E.D.N.Y. Nov. 20, 2012) (describing a "wide-ranging split in [the Second] Circuit and others" as to the validity of the "swarm joinder" theory); *Malibu Media*, 2012 WL 4717893, at *7 (describing split nationwide and in the Eastern District of Pennsylvania). In particular, courts are divided as to whether allegations that John Doe defendants each copied a piece of the same copyrighted work via BitTorrent are sufficient to bring the claims within the ambit of Rule 20(a) where, as here, the defendants' acts of infringement are alleged to have occurred not close in time but over the course of weeks or months. *Compare, e.g.*, *Malibu Media, LLC v. Does 1-22*, No. 12-3139 Order n.1 (E.D. Pa. Aug. 28, 2012) (finding permissive joinder "inappropriate given the nearly two-month period during which the Does allegedly downloaded the Work"), *with Raw Films, Ltd. v. Does 1-15*, No. 11-7248, 2012 WL 1019067, at *3 (E.D. Pa. Mar. 26, 2012) (holding allegations defendants used BitTorrent to upload or download the same file as part of the same "swarm" were sufficient to establish claims against defendants were part of the same series of transactions or occurrences even though downloading occurred at different times over a 74-day period). Given the nature of the technology, which initiates the simultaneous uploading and downloading of a file automatically when a peer seeks to download it from a torrent site, it would seem that acts of downloading occurring over a five-week period are part of the same series of transactions in only an attenuated sense.

Nevertheless, even assuming the Complaint satisfies the requirements of Rule 20(a), the Court finds severance is appropriate here since joinder will not promote trial convenience in light of the multitude of individual defenses likely to be raised. *See, e.g.*, *Media Prods., Inc. v. Does*

*1-26*, No. 12-3719, 2012 WL 3866492, at *2 (S.D.N.Y. Sept. 4, 2012) (exercising discretion to sever and dismiss without prejudice claims against all but one John Doe defendant based on likelihood of individualized defenses, engendering "separate motions and discovery disputes"); *Malibu Media*, No. 12-3139 Order n.1 (E.D. Pa. Aug. 28, 2012) (finding joinder "would not promote trial convenience and expedition of the proceedings" given the "multitude of different defenses that may be unique to one or only a few defendants"); *K-Beech, Inc. v. Does 1-78*, No. 11-5060 Order n.1 (E.D. Pa. Oct. 3, 2011) (finding severance warranted "because the large number of defendants could lead to dozens of motions raising unique factual and legal issues and would pose logistical difficulties at every stage of litigation"). This is particularly true given that the IP addresses by which the Defendants have been identified "provide[] only the location at which one of any number of computer devices may be deployed," leaving open the possibility that the IP address holder is not the person who committed the alleged infringement. *In re BitTorrent Adult Film Copyright Infringement Cases*, No. 11-3995, 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012). This possibility is not purely speculative; indeed, one BitTorrent copyright plaintiff has estimated "that 30% of the names turned *over* by ISPs are not those of individuals who actually downloaded or shared copyrighted material." *Malibu Media, LLC v. Doe No. 4*, No. 12-2950, 2012 WL 5987854, at *3 (S.D.N.Y. Nov. 30, 2012) (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012)). Moreover, at least two individual defenses are already apparent even at this early stage of litigation. *See* John Doe 22's Mot. 5 (stating Defendant "did not download anything alleged" and has never "used BitTorrent software to download any type of movie or music"); John Doe 6's Mot. 2 (raising issue of personal jurisdiction). Finally, the Court shares the concern expressed by numerous other courts confronting similar BitTorrent lawsuits that permitting joinder increases the potential for

coercive settlements with innocent defendants seeking to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading pornography. *See, e.g.*, *Next Phase Distribution, Inc. v. Does 1-27*, 284 F.R.D. 165, 170 (S.D.N.Y. 2012) (declining to "facilitate such coercive settlements by casting such an unnecessarily wide net"). This concern is heightened by the substantial damages Patrick Collins is seeking against each Defendant. *See* Compl. 10-11 (requesting statutory damages of $150,000 per Defendant).

For all of these reasons, the Court will exercise its discretion to sever and dismiss without prejudice the claims against all Defendants other than John Doe 1. An appropriate order follows.

BY THE COURT:

   /s/ Juan R. Sánchez
Juan R. Sánchez